(No. 38953.—

The People of the State of Illinois, Defendant in Error, *vs.* Charles Miller, Plaintiff in Error.

*Opinion filed May 23, 1966.*

SCHAEFER, J., concurring.

R. FREDERIC SOLOMON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and PATRICK MURPHY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In a bench trial in the circuit court of Cook County, Charles Miller was convicted of unlawful possession of narcotics and sentenced to the penitentiary for a term of 2 years to 2 years and 1 day. He contends that the conviction should be reversed because there was an unlawful search and seizure and because the identity of the informer was not disclosed. The evidence on these issues was adduced at a hearing on a motion to suppress. Defendant stipulated that this evidence be considered testimony at the trial.

The record shows that an informer told officers Jarrett and Webster that a man named Chuck was selling narcotics in a tavern at 39th Street and Calumet Avenue and that he had purchased narcotics from Chuck earlier in the day. The officers accompanied the informer to the tavern but defendant was not there. Two days later the informer told the

officers Chuck was at the tavern sitting two or three stools from the door and gave the officers Chuck's physical description. Webster went to the rear door of the tavern and Jarrett entered the front door, identified himself to defendant, arrested him, searched him and found two packets of heroin.

Defendant argues that there was no probable cause for his arrest without a warrant and consequently the search incident to the arrest was unlawful. Probable cause for an arrest may, of course, be based upon information supplied by an informer where the reliability of the informer has been previously established, (*People* v. *Durr,* 28 Ill.2d 308,) or independently corroborated. *People* v. *McFadden,* 32 Ill.2d 101.

Officer Webster testified that he had received information from this informer on many occasions; that he had received about five tips from him over the past 6 months concerning narcotic activity in the vicinity of 39th Street, that he made arrests based on these tips; and that these arrests resulted in convictions or the return of indictments. The information of where Chuck was sitting and his physical description led the officers directly to defendant. We find that the information supplied by the informer, in view of his prior reliability and the accuracy of his identification of the suspect, was sufficient to give the officers probable cause for defendant's arrest. *Cf. Wong Sun* v. *United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407.

It is also argued that defendant should have been given an opportunity to cross-examine the informer. In this case, as in *People* v. *McCray,* 33 Ill.2d 66, the preliminary hearing, including the information given by the informant, did not go to the guilt or innocence of defendant; there is no suggestion that the informant was so involved in defendant's activity that fundamental fairness requires that his identity be revealed for the defense of the charge; and nothing revealed by the informer's tip would be admissible upon the

530

trial of the charge. We conclude that the refusal to disclose the informer's identity did not deprive defendant of any constitutional right.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER concurring:

I concur under the compulsion of *People* v. *Durr*, 28 Ill.2d 308.