(No. 40456.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LEONARD WILLIAMS, Appellant.

*Opinion filed September 29, 1967.*

WARD, J., took no part.

CHESTER A. LIZAK, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ROBERT A. NOVELLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Leonard Williams was indicted for illegal possession of narcotics. He waived a jury trial, was tried by the court, found guilty, and sentenced to imprisonment for not less than two years nor more than two years and one day. He appeals directly to this court, asserting a question arising under the constitutions of the United States and of this State. His contention is that his constitutional rights were violated when the police officers refused to disclose the identity of an informer and the trial judge refused to require that the informer be produced to testify.

On January 23, 1966, police officers Pates, Martin, and Jamison and policewoman Scannell were on patrol when an informer, whom they had found to be reliable in the past, told them that he had purchased narcotics from a man named Leonard Williams. The informer described Williams, told where he could be found, and stated that Williams had narcotics on his person. The informer was placed in the rear seat of the squad car, and rode with the officers

to. point out Williams to them. The officers testified that the informer directed them to the defendant, and when one of the officers called out to him, the defendant flipped away a small object and was then arrested. The object, a packet containing heroin, was picked up by one of the officers.

At the hearing on the defendant's motion to suppress, three of the officers testified that the informer was in the squad car at the time of the arrest. One testified that he was not. One of the officers testified that the informer "hid under the seat of the car." There were also minor differences in the testimony of the officers as to the exact spot where the package thrown by the defendant was picked up.

The defendant contended that the identity of the informer should be disclosed because he was present at the arrest and was a material witness to the offense. The trial judge rejected this contention, and the defendant moved for a hearing in chambers at which the informer could be interrogated by the defendant's attorney outside of the presence of the defendant. This motion was denied. Thereafter the defendant waived a jury trial, and stipulated that the testimony at the trial would be the same as that offered upon the motion to suppress, and also stipulated that a police department chemist would testify that the packet contained heroin.

The issue that sharply divided this court in *People* v. *Durr,* 28 Ill.2d 308 (1963), has now been resolved by the five-to-four decision of the Supreme Court of the United States in *McCray* v. *Illinois,* 386 U.S. 300, 18 L. Ed. 2d 62 (1967), which held that the prosecution is not required to disclose the identity of an informer at a preliminary hearing to determine the existence of probable cause for an arrest or search. The opinion of the majority in *McCray* recognizes that disclosure at a preliminary hearing to determine the existence of probable cause for arrest or search is governed by different considerations than those that determine the necessity of disclosure when the informer is a

material witness on the issue of the guilt·or innocence of the defendant at the trial. This distinction has long been recognized in this court. See *People* v. *Miller*, 34 Ill.2d 527, 529 (1966); *People* v. *Connie*, 34 Ill.2d 353, 356 (1966); *People* v. *McCray*, 33 Ill.2d 66, 72 (1965), aff'd *McCray* v. *Illinois*, 386 U.S. 300, 18 L. Ed. 2d 62 (1967); *People* v. *Durr*, 28 Ill.2d 308, 313 (1963); *People* v. *Mack*, 12 Ill.2d 151, 165-66 (1957).

These cases recognize the principle stated by the Supreme Court in *Roviaro* v. *United States*, 353 U.S. 53, 60-62, 1 L. Ed. 2d 639, 644-646 (1957), and repeated in *McCray* v. *Illinois*, 386 U.S. 300, 310, 18 L. Ed. 2d 62, 70 (1967): "[W]here, in an actual trial of a federal criminal case, 'the disclosure of an informer's identity * * * is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action * * *.

" 'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' "

As these authorities and many others suggest (see 8 Wigmore, Evidence, sec. 2374, pp. 768-69 (McNaughton rev. 1961); anno. 76 A.L.R.2d 262, 282-83,) when the informer's testimony may bear upon the question of guilt or innocence rather than upon probable cause, the government's interest in protecting its sources of information must yield to the defendant's right to a trial based upon all the relevant evidence. In the present case we are unable to say

that the informer's testimony would have been of significant value on the issue of defendant's guilt or innocence. On that issue the critical question was whether or not the defendant had thrown away the packet containing heroin. As to that there were no discrepancies in the testimony of the officers. Each of them saw the defendant throw the packet. The minor differences in their testimony as to the exact spot where it came to rest are not significant.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.