**People of the State of Illinois, Plaintiff-Appellee, v. Edward L. Robinson, Defendant-Appellant.**

**Gen. No. 52,396.**

First District, First Division.

January 13, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Kavanaugh, Assistant's State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a bench trial, defendant was found guilty of unlawful possession of a narcotic drug in violation of chapter 38, § 22–3 (Ill Rev Stats 1963). He was sentenced to two to three years in the penitentiary. On appeal defendant contends that his motion to suppress evidence was improperly denied; that prejudicial trial errors were committed; and that he was not proved guilty beyond a reasonable doubt.

On October 20, 1966, and in Chicago, a known police informer told two Chicago police officers he had just purchased a bag of marijuana, and he pointed out defendant as the seller. The police officers then arrested the defendant, searched him, and found a bag of marijuana. Defendant's pretrial motion to suppress was denied. At the trial defendant waived his right to a jury trial, and it was stipulated that the facts heard on the motion to suppress would be the same as that heard on the trial.

At the hearing of the motion to suppress on February 3, 1967, defendant testified he was waiting for a bus when a police officer told him that he wanted to search

him. He was searched in a hallway by Officer Jerrett, who found a package of marijuana on defendant's person. Defendant was not shown a warrant for his arrest nor a search warrant, and he did not try to escape nor did he threaten the officer's life. After the arrest was made, another police officer arrived (Officer Willis M. Cola).

On behalf of the State, Officer Cola testified that on October 20, he was working with Officer Jerrett. At about 8:00 p. m. they were in the vicinity of 43rd and Calumet and had a conversation with a police informer whom Officer Cola had known for about a year. The informer stated to them that he had just purchased a bag of marijuana from a man known to him as "Edward," who was still in the vicinity of 43rd and Calumet. Shortly thereafter, and while in an automobile which was being driven by Officer Jerrett, the informer pointed out the defendant as the man who sold him the marijuana, and the informer then left the car. Defendant was then placed under arrest, and while on the street, near an alley, Officer Jerrett searched defendant and found a white envelope that contained a quantity of crushed green plant.

Officer Cola also testified that prior to October 20, 1966, he had received information concerning narcotics from the informer about three or four times, on which arrests were made and in one case there was a conviction. Without consulting his files the officer could not recall the names of any of the persons who were arrested as a result of the information given by the informer. Although the trials were in the Criminal Courts Building, he could not recall the courtrooms where the trials took place.

On cross-examination, Officer Cola was extensively questioned about the informer and the officer's inability to remember the names of any of the persons arrested on the informer's information. He did know there was one conviction because he was at the trial. He further said

that defendant was searched on the street and not in a hallway, and no one else was searched at that time.

In rebuttal, defendant testified that before and after the time he was arrested, he saw Officer Cola search a number of people, and "they had a hallway and they had four or five fellows in there." He did not know their names, but he had seen them before.

In considering the motion to suppress, the trial judge reviewed at length the evidence and the issue of the reliability of the informer. As to Officer Cola's failure to remember the names of those persons arrested on the information received from the informer, the judge remarked that because of the numerous arrests made by an officer on the Vice Detail, "probably five or six hundred arrests during a couple of years or three-year period, it is quite evident that he would be unable to remember and recall all of the convictions that resulted from the information received from any one informer." The trial judge also ruled that it was unnecessary for the second arresting officer (Jerrett) to testify and denied a request to compel the appearance of the informer because he was not present at the time of the arrest, and found that the testimony of Officer Cola was sufficient to show the reliability of the informer. In concluding that the police officers had probable cause and the arrest was lawful, the court said, "The police officers had probable cause to believe the defendant was in the process of committing a crime or had immediately prior thereto committed a crime. Therefore, the arrest and the search was lawful," and denied the motion to suppress.

On May 25, 1967, the matter came on for trial before the same judge who denied defendant's motion to suppress. At that time defendant waived his right to a jury trial, and it was stipulated in detail that the testimony heard on the motion to suppress would be the same as if heard on the trial. It was further stipulated that

61

the contents of the envelope found on the defendant after his arrest contained marijuana.

After stating the terms of the stipulation, the assistant State's Attorney then related defendant's previous criminal record. Counsel for defendant objected, and the court found that it was premature. The State agreed and said it was a mistake based upon the Assumption that the court had already entered judgment.

In finding defendant guilty, the trial judge stated, "Let the record show the Court is in no manner taking into consideration the defendant's background as read into the record by the State's Attorney. However, the Court had been fully advised of the defendant's record prior to the time of the reading of the record—submitting the matter to this Court and that in arriving at the determination here, the Court is in no manner taking into consideration any of the facts heretofore read into the record by the State."

On appeal defendant contends his arrest and search and seizure were unlawful because the officers had no warrant and the information given to the police officers was by an informer who was not shown to be reliable; therefore the officers lacked probable or reasonable cause for defendant's arrest and search. Defendant argues that there was no emergency about his arrest. "He wasn't fleeing any place or threatening to. He was apparently always in the vicinity of 43rd and Calumet. There was ample time to obtain a search warrant based on the information Cola thought to be reliable. If defendant was selling the stuff as the informer told Cola, this must have been going on over a considerable period of time. No search warrant was obtained."

Defendant's authorities include People v. McClellan, 34 Ill2d 572, 574, 218 NE2d 97 (1966):

"Probable cause for an arrest may, of course, be based upon information supplied by an informant, if

the reliability of the informant has been previously established (People v. Durr, 28 Ill2d 308) or independently corroborated. People v. McFadden, 32 Ill 2d 101.

". . .

"The fact that the officers made three arrests based on information furnished by Slick shows only that they acted on his previous tips and does not show that the previous tips proved to be accurate. While it might be inferred that the officers would not continually act on Slick's tips if they proved to be unreliable, nevertheless, we feel the informer's past reliability should not be left to inference, when it is such an easy matter to show the accuracy of the previous tips. It is not necessary for us to decide whether the People must show that the previous tips from an informer resulted in convictions, as the defendant contends; but it is sufficient, at this time, to hold that the fact that the police acted upon previous information of an informer does not prove that the prior information was accurate and the informer reliable."

Also, Niro v. United States, 388 F2d 535 (1968), where it is said (p 539):

"The Court continues to stress the desirability of obtaining a search warrant when it is reasonably practicable to do so. See, e. g., Katz v. United States, supra.

". . .

"We think it proper to say that while the failure to obtain a warrant when one could readily have been had is not of necessity fatal to a search or seizure concomitant with an arrest the nature of which had been fully anticipated, it will be fatal unless there

are at least some countervailing factors. . . . the government cannot rely upon an expected arrest to seize stolen goods, the presence of which it long had probable cause to know of, simply to avoid the inconvenience of obtaining a search warrant. . . .

". . . Proceeding without a warrant is not to be justified . . . by the fact that by the time the officers act, dispatch is necessary to avoid flight or injury to person or property. Haste does not become necessary . . . if the need for it has been brought about by deliberate and unreasonable delay. This would allow the exception to swallow the principle."

Because of sufficient factual differences here, a discussion of defendant's authorities on this point is not required. We believe the pronouncements made in People v. McCray, 33 Ill2d 66, 210 NE2d 161 (1965), supply the guidelines to be used here.

■ As to defendant's arrest, we agree with the trial court that the information received from the informer, as such, was sufficient to give the officers probable cause to believe that the defendant was committing or had committed an offense. (Ill Rev Stats, c 38, § 107–2(a) and (c).) They were informed by a purchaser as to a narcotics sale just made, and it was also reasonable to believe that a narcotics dealer might have on his person possession of other narcotics for sale.

■■ The credibility of Officer Cola was a question for the trial court, and the trial judge chose to believe him. The pertinent remarks of the trial judge demonstrate that the factors considered by the court justified its ruling that the reliability of the informer was sufficiently established and that defendant's arrest without a warrant was lawful.

■ The subsequent incidental search of defendant was proper here. As noted above, it was reasonable to believe that defendant might have had possession of ad-

ditional narcotics available for sale. It was not necessary in this case for the officers to procure a search warrant. The pronouncements made in United States v. Rabinowitz, 339 US 56 (1950), apply here. There the court discussed at length the reasonableness of a search without a search warrant incident to a valid arrest and said (pp 65–66):

> "A rule of thumb requiring that a search warrant always be procured whenever practicable may be appealing from the vantage point of easy administration. But we cannot agree that this requirement should be crystallized into a sine qua non to the reasonableness of a search. It is fallacious to judge events retrospectively and thus to determine, considering the time element alone, that there was time to procure a search warrant. . . . Some flexibility will be accorded law officers engaged in daily battle with criminals for whose restraint criminal laws are essential . . . . The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances— the total atmosphere of the case. It is a sufficient precaution that law officers must justify their conduct before courts which have always been, and must be, jealous of the individual's right or privacy within the broad sweep of the Fourth Amendment."

We therefore conclude that the evidence on the motion to suppress justified a determination that the officers had such a reasonable belief that defendant was committing a criminal offense as to justify the arrest without a warrant and the subsequent incidental search.

■ Considered next is defendant's contention that in being denied the name of the informer, he was frustrated in his attempt to test the reasonableness of the officer's conduct and to impeach his testimony as to the reliability

of the informer. In People v. Williams, 38 Ill2d 150, 230 NE2d 214 (1967), where, in considering the issue of the disclosure of the identity of an informer, the court said (p 152):

> "The issue that sharply divided this court in People v. Durr, 28 Ill2d 308 (1963), has now been resolved by the five-to-four decision of the Supreme Court of the United States in McCray v. Illinois, 386 US 300, 18 L Ed2d 62 (1967), which held that the prosecution is not required to disclose the identity of an informer at a preliminary hearing to determine the existence of probable cause for an arrest or search. The opinion of the majority in McCray recognizes that disclosure at a preliminary hearing to determine the existence of probable cause for arrest or search is governed by different considerations than those that determine the necessity of disclosure when the informer is a material witness on the issue of the guilt or innocence of the defendant at the trial. This distinction has long been recognized in this court. See People v. Miller, 34 Ill2d 527, 529 (1966); . . . ."

There the court also said (p 153):

> ". . . when the informer's testimony may bear upon the question of guilt or innocence rather than upon probable cause, the government's interest in protecting its sources of information must yield to the defendant's right to a trial based upon all the relevant evidence."

We find no merit to this contention. The offense charged was possession of a narcotic drug and, as the informer was not present when the defendant was searched, the testimony of the informer would have no significant value on the issue of defendant's guilt or innocence.

■ Next considered is defendant's contention that the failure of the State to call Officer Jerrett to testify "casts a serious doubt upon the State's case." It has been repeatedly said in the Illinois authorities that the testimony of one credible witness is sufficient to convict, even though such testimony was contradicted by the accused. See People v. Jones, 30 Ill2d 186, 190, 195 NE2d 698 (1964). We find no error here.

■ Defendant's final contention is that before judgment by the court, the recital by the State's Attorney of defendant's previous criminal convictions before a finding of guilt or innocence "must have influenced the Court in his finding the defendant guilty and in the matter of imposing the sentence." This was a bench trial, and the remarks of the court show that the court disregarded the previous conviction statement in the finding of guilt or sentence. We find no error here.

■ ■ In conclusion, we believe that the total atmosphere of this case calls for the application of the rule that in a bench trial in a criminal case, the reviewing court, in view of the opportunities of observation available to the trial court, will not disturb a guilty finding unless the proof is so unsatisfactory or implausible as to justify a reasonable doubt as to defendant's guilt. (People v. Woods, 26 Ill2d 582, 585, 187 NE2d 692 (1963).) Applying that test here, we believe the trial court was presented with satisfactory and plausible proof on which to find defendant guilty of the charge of possession of a narcotic drug. Therefore, the judgment of the trial court is affirmed.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.