THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY R. GRALEWSKI, Defendant-Appellant.

(Nos. 54696, 54947 cons.;

First District—April 21, 1971.

Serpico, Stamos & Hett, of Chicago, (James A. Stamos, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Molitz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a conviction of bribery and official misconduct. After a bench trial in the Circuit Court of Cook County, the defendant was found guilty and sentenced to two years' probation and fined $200.00. The defendant contends the State failed to prove him guilty beyond a reasonable doubt.

The defendant was a Chicago police officer at the time of the alleged offense. On October 19, 1968, Nicholas J. Tableriou struck a pedestrian with his car as he turned a corner. The pedestrian refused to go to the hospital and did not appear to be hurt. Mr. Tableriou called the Chicago police, and the defendant, Anthony Gralewski, arrived at the scene. Gralewski gathered the relevant information and filled out an accident report.

Tableriou testified that while he was seated in the back seat of the police car, Gralewski suggested it would be nice if Tableriou treated him to lunch or breakfast. When asked if he wanted money, Gralewski said "yes," whereupon Tableriou gave him first one dollar and then two more, stating that was all he had. According to Tableriou, Gralewski told him he could make it tough for him in the traffic court by having the witness complain to the court. He then said he would like $10.00 given to him in traffic court folded up in a pack of matches.

After Gralewski gave him a traffic ticket, Tableriou went to the home of a friend who is also a Chicago police officer. On December 9, 1968, he contacted the Internal Investigation Department of the Chicago Police Department. He was given a prerecorded ten dollar bill by IID officers and passed it along with the traffic ticket to Gralewski at traffic court. Gralewski took the bill and put it in his pocket. When he left the courtroom, he was searched by three IID officers, and the bill was found in his possession.

Gralewski denied he solicited money from Tableriou and denied he ever knowingly accepted ten dollars from Tableriou. He testified in his own defense and said, "See, he handed the ticket to me. I looked at the ticket and I was handing the ticket back to him, he put something in my hand and I put it in my pocket * * *. I don't know what it was."

Defendant argues there was not enough evidence to show he solicited or received ten dollars pursuant to an understanding the defendant would influence the performance of an act related to his employment. He argues further the State failed to prove beyond a reasonable doubt the existence of an "act" related to his employment which the alleged bribe was intended to influence.

■■ We cannot agree. There is no dispute that ten dollars was passed from the complainant to the defendant. The only question remaining is whether the defendant took the money under an agreement to influence the disposition of complainant's case. The defendant had told Tableriou: "I can make it tough on you and have the witness complain to the court." It is clear the "act" referred to was keeping the witness out of court, and it is equally clear that the intent can be inferred from the circumstances. The evidence shows there was a meeting of the minds with regard to what the money was for.

■■■ While Gralewski denied knowledge of the money, the determination of credibility and weight to be given to the testimony is for the trial court, and an appellate court will not substitute its judgment. (*People v. Booher* (1966), 73 Ill.App.2d 226.) It is also well settled that the testimony of one credible witness is sufficient to convict even though such testimony was contradicted by the accused. *People v. Robinson* (1969), 105 Ill.App.2d 57.

■■ The defendant also urges that negative inferences are to be drawn from the fact that the name of the accident pedestrian was on the list of possible witnesses but was never called. However, the law is clear that failure to produce a witness does not give rise to a presumption the testimony of that witness would not be favorable to the prosecution. (*People v. Jones* (1964), 30 Ill.2d 186.) For there to be a negative inference, the witness must have such knowledge of the disputed event as to demand an explanation for his absence. (*People v. Williamson* (1966), 78 Ill.App.2d 90.) Here, the pedestrian involved in the accident knew nothing about what occurred in the squad car or in the courtroom. Therefore, there was no reason to call her.

For the reasons stated, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.