THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. JOSE PEREZ, Defendant-Appellant.

(No. 59656;

First District (2nd Division)—December 24, 1974.

James J. Doherty, Public Defender, of Chicago (Marc L. Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Raymond J. Prosser, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

The defendant, Jose Perez, was convicted, following a bench trial, of having committed the offense of delivery of a controlled substance on September 27, 1972, in violation of section 401(b) of the Controlled

Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par 1401(b)). He was sentenced to not less than 3 nor more than 9 years in the Illinois State Penitentiary. On appeal, defendant contends he was denied due process of law by the prosecution's misrepresentation that no informer existed, and by the refusal of the trial court to order disclosure of the informer's identity.

Prior to trial, the defendant filed a written motion for discovery which included, among other requests, the following:

"8a That the prosecution disclose whether the name, address or telephone number of any person has been omitted from their answer to the discovery of the accused or whether such name, address or telephone number of any person has been withheld from their answer to the discovery of the accused on the ground that such person or persons are confidential sources whose identity is privileged from disclosure and if so:

(1) That the prosecution be ordered to compel any such person to be brought to the Court at any time, date, or place out of the presence of the defendant and defense counsel to assert whether or not this person in fact does exist and that such person or persons be examined by the Court as to their knowledge of the defendant and the facts as charged in the indictment and as to any matter which might be of benefit to the accused and that thereafter the Court to order such disclosure as it deems proper and equitable. * * *

11a That pursuant to Supreme Court Rule 415(b), an order be entered upon the People to from time to time make such amendments to their answer as may be required by new or modified information in their possession, knowledge or control."

The State answered, "None" to paragraph 8a and stated it would comply with paragraph 11a. However, at no time prior to trial, did the State disclose the existence of an informer.

At trial, on May 31, 1973, Chicago Police Officer Dennis Muchowicz testified that on September 27, 1972, he was doing undercover work, and that morning he met Patrolman Robert Lombardo and Investigator Philip Cline at police headquarters and received $47 from the State's Attorney's fund because they had planned to make a controlled purchase of narcotics. At 1:15 that afternoon he was at North Avenue and Western with these officers and had a conversation with a "non Chicago police person" (hereafter informer) at that location, after which he proceeded with the informer to LeMoyne and Campbell, where the informer parked the

car and he (Officer Muchowicz) "motioned the defendant over to the car and asked him if he had any good stuff." The defendant said, "I can get you anything you want." He told the defendant he had only $47 and the defendant reached into either his jacket or pants pocket and said, "Here's four bags of good stuff, give me the money." He took the four bags and gave the defendant the $47. He then drove to a prearranged location, where he met Officers Cline and Lombardo, and gave the four bags to Officer Cline, who conducted a field test, which was positive for heroin. He arrested the defendant on December 27, 1972. On cross-examination he was asked if he was still in contact with the informer, but answered he hadn't talked with the informer in about 3 months. An objection was sustained to a question concerning the identity of the informer. His police report of September 27, 1972, indicated he thought the defendant was 24 years old and 150 pounds, but his report in December indicated the defendant was 29 and weighed 180 pounds.

Chicago Police Officer Robert Lombardo substantially corroborated Officer Muchowicz' testimony. Concerning the alleged delivery itself, he testified that he and Investigator Cline were on the southeast corner of LeMoyne and Campbell and saw Muchowicz in the passenger side of the car, with the informer in the driver's seat. He observed the informer and Muchowicz "engage in a conversation" with the defendant and observed "a transaction." He could not hear what was said. He did not actually "see anything in the defendant's hands pass to" Officer Muchowicz. When he left the corner, he observed the defendant still standing there.

Chicago Police Officer Philip Cline also testified and corroborated Muchowicz' testimony. He went to LeMoyne and Campbell and from a block and a half away (from east of Campbell on LeMoyne) he observed Muchowicz pull up to the curb in a personal auto with the informer. The defendant, who was standing on the sidewalk, walked to the car and engaged in a conversation with the passenger, Muchowicz. He "observed a short conversation" and "observed Munchowicz receive something from the defendant" and Muchowicz "in turn handed currency to the defendant." He was using binoculars at this time and he had never seen the defendant before.

Defendant contends that he was denied due process of law by the State's misrepresentation in its discovery answer that no informer-witness existed, and by the refusal of the trial court to order disclosure of the informer's identity when, at trial, it became evident that an informer participated in the delivery of narcotics.

█▌ We initially note that the State's denial as to the existence of the informer cannot be considered as the result of inadvertence or lack of

knowledge. Defendant's request did not fall under a "catch-all" discovery provision, but specifically asked whether the identity of any person had been withheld from the discovery answer on the ground that such person is a confidential source whose identity is privileged from disclosure. Furthermore, there can be no serious assertion that the denial resulted from an unawareness of the informer's existence. (See Ill. Rev. Stat. 1973, ch. 110A, pars. 412(f), 412(b).) A possible explanation for the State's conduct is that it believed it was under no obligation to reveal the identity of the informer, or his existence. Under Supreme Court Rule 412(j) (ii), "[d]isclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused." (Ill. Rev. Stat. 1973, ch. 110A, par. 412(j)(ii).) However, this determination is to be made by the court, not the State. Defendant, under the presumption of innocence, can hardly be expected to seek a timely judicial determination on the issue when the existence of an informer becomes apparent only at the time of trial. The State's conduct at this stage of the proceedings left much to be desired; by its concealment, the State not only frustrated the purpose of discovery, but became, in effect, the self-appointed arbiter of defendant's constitutional rights.

Notwithstanding its denial, it is the State's position that the failure to disclose the existence of the informer was merely harmless error. The State contends that defendant was not prejudiced since disclosure of the informer's identity was not warranted in any event.

In a recent decision, *People v. Lewis*, 57 Ill.2d 232, 311 N.E.2d 685, the Illinois Supreme Court, in a consolidated appeal of three cases, was presented with the issue of whether the defense must be furnished with the name and address of an informer involved in a sale of narcotics. In each of the three cases considered, only three persons were immediately present at the alleged sale, namely, the purchasing agent, the defendant, and the informer.[1]

Following *Roviaro v. United States*, 353 U.S. 53, the court held that disclosure of an informer's identity at trial was required where the informer was in the dual role of "informer-participant" in the sale of narcotics. In adopting the language of *Roviaro*, the court stated:

> " 'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the indi-

---

[1] Other State agents were on surveillance and able to corroborate the presence of defendants at the scene, but in no instance were they able to corroborate the essential elements of sale.

vidual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" 57 Ill. at 235.

The State contends that under the *Roviaro* and *Lewis* decisions, disclosure of an informer's identity is constitutionally required only where the informer is the sole witness, other than the purchasing agent, who can testify on the issues involved. In support thereof, the State refers us to *People v. Williams*, 38 Ill.2d 150, 230 N.E.2d 214. As applied to the present case, the State argues that the corroborating testimony of the two surveillance agents, Robert Lombardo and Philip Cline, obviated the constitutional requirement of disclosure.

■■ We do not read the *Roviaro* and *Lewis* decisions to be immutably limited to situations in which the informer-participant is the sole witness to the sale of narcotics, nor, under the circumstances of the instant case, can the State's misrepresentation be deemed harmless error. The test to be applied is that of balancing the public interest in protecting the flow of information against the individual's right to intelligently prepare his defense. *Roviaro v. United States, supra; People v. Lewis, supra.*

■■ When the informer is a participant or a witness to the offense charged, the materiality of his testimony seems clear. (*United States v. Barnes* (8th Cir. 1973), 486 F.2d 776; *People v. Williams*, 40 Ill.2d 367, 240 N.E.2d 580.) Of course, whether his testimony strengthens or weakens the State's case is an entirely separate matter. In this respect however, the desirability of calling the informant as a witness, or at least interviewing him in preparation for a trial, is a matter for the accused rather than for the State to decide. (*Roviaro v. United States, supra; People v. Lewis, supra.*) In the case at bar, the State's misrepresentation effectively precluded defendant from interviewing the informant to determine whether he possessed evidence or information which, in any way, impeached the credibility of the State's case or which would have been of assistance in the defense of the charge. While Supreme Court Rule 412(j)(ii) recognizes the so-called informer's privilege, the rule of nondisclosure is not absolute. (*People v. Lewis, supra.*) In *Roviaro*, the court stated:

"Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 358 U.S. at 60-61.

We believe that the informant in the instant case was potentially a crucial witness or source of information for the defense. From the record

at bar, it appears that the informer not only assisted in staging the transaction but also drove Officer Muchowicz to the exact location of the sale. Someone knew the seller as "Indio," yet none of the officers had ever seen the seller previously. It is reasonable to assume that the informant therefore was acquainted with the seller and knew him as "Indio." Obviously, the informant heard what was said at the time of the purchase and observed what each participant did in consummating the transaction.

Officer Muchowicz was the only officer who participated in the delivery although Officers Cline and Lombardo took a surveillance position from approximately 60 feet. Lombardo described what he called a "transaction," but on cross-examination he stated that he did not see anything pass from defendant's hands. Cline, however, testified that with the aid of binoculars, he saw defendant's approach, conversation, and also observed Muchowicz receive something from the defendant and then saw that Muchowicz "handed currency to the defendant." Subsequently, a report was completed by Officer Muchowicz wherein he described the seller as a male Puerto Rican, 24 years old, 150 pounds, 5 feet 8 inches tall, and with a scar on the left eyebrow. Defendant was not arrested until 3 months later and the arrest report was also completed by Officer Muchowicz wherein he described the seller as a male Puerto Rican, 29 years old, 180 pounds, 5 feet 8 inches tall, and with no marks, scars, or deformities.

■■ We cannot say that the corroborative testimony of the surveillance officers obviates disclosure under *Roviaro* and *Lewis*, and thereby vitiated any possible prejudice defendant may have incurred by virtue of the State's failure to disclose. Muchowicz, the only officer who viewed defendant from close range and who could testify to the particulars of the transaction, gave varying descriptions of defendant. (See *People v. Barney*, 60 Ill.App.2d 79, 208 N.E.2d 378.) There was no contemporaneous arrest and certainly the informant's knowledge of the occurrence was potentially crucial to the issue of identification as well as the particulars of the transaction. As stated in *Gilmore v. United States* (5th Cir. 1958), 256 F.2d 565, 567:

> "As Anonymous [the informant] was a principal actor before and during this performance, who he was and what he knew was certainly material and relevant. In this testimony there might have been the seeds of innocence, of substantial doubt, or overwhelming corroboration. As the inferences from it covered the full spectrum from innocence to guilt, the process of truth-finding, which should be the aim of every trial, compelled its disclosure."

Unlike *People v. Williams*, 38 Ill.2d 150, 230 N.E.2d 214, cited by the State, we believe that the informer's knowledge was potentially significant on the issue of defendant's guilt or innocence. Although the informer possessed information which was material, the State's conduct prevented defendant from making a determination of whether his knowledge or testimony would aid in the defense. Such conduct cannot be condoned nor can it be divorced from the question of whether defendant was prejudiced at trial. Accordingly, we hold that the State's concealment, and the subsequent refusal of the trial court to order disclosure, denied defendant a fair trial.

In light of the foregoing, the judgment of the circuit court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

HAYES, P. J., and LEIGHTON, J., concur.