THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY LEE, Defendant-Appellant:

(No. 60980; )

First District (4th Division)—October 8, 1975.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Raymond J. Prosser, and Edward V. Vienuzis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The instant appeal involves a consolidation of two cases wherein the defendant, Danny Lee, had been charged by complaint with the commission of aggravated battery, criminal damage to property and reckless conduct. The State moved to *nolle prosequi* the criminal damage to property charge. The defendant pled guilty to the reckless conduct charge. The State moved to reduce the felony aggravated battery charge to a misdemeanor battery charge. The defendant went to trial on that reduced charge, waived a jury and was found guilty. He was sentenced to one year in the House of Correction on both charges, the sentences to run consecutively.

On appeal, the defendant proffers three contentions, namely, (1) the trial court did not substantially comply with Supreme Court Rule 402 when it accepted the plea of guilty on the reckless conduct charge since the defendant was not properly admonished as to the nature of the charge, his right to plead not guilty, his right to a jury trial and to confront witnesses against him; (2) that he was not proven guilty beyond a reasonable doubt on the battery charge; and (3) regarding the prosecution for battery, he did not knowingly and understandingly waive a jury trial.

Considering the issue pertaining to the reckless conduct charge, the record reveals that when this cause was called for trial, the public defender, representing the defendant, pled guilty before the court to the charge of reckless conduct. The trial judge proceeded to pass the case so that the defendant's mother, who just arrived from Minnesota, could speak to the public defender. When the cause was recalled, the public defender reiterated his plea of guilty to the reckless conduct charge, whereupon, the trial court engaged in the following colloquy with the defendant:

"Now, Danny Lee, you understand on a plea of guilty, you don't

get a trial, you just get found guilty, do you understand?

Defendant: Yes.

The Court: Then you have a record for criminal damage to property and the statutory penalty is a period in jail up to one year, and a possible fine of one thousand dollars, do you understand, this is what the statutory provisions are, do you understand?

Defendant: Yes, sir.

The Court: And you still plead guilty, is that right?

Defendant: Yes, sir."

The court then proceeded to question a police officer regarding the instant offense. The officer related that the defendant and one Sean Marionneaux entered a Burger King Restaurant where they had words with a Mr. Pollack. Upon departing the premises, the defendant fired three shots through the window and fled. The officer estimated there were at least five employees and eight or ten customers in the restaurant at the time of the shooting. The defendant disagreed as to the above figures, but admitted there were people in the establishment. When the court inquired whether the defendant substantially agreed to these facts, the public defender, subsequent to ascertaining from the defendant that he had been in the restaurant, replied in the affirmative. The court then heard matters in mitigation and aggravation and withheld sentencing the defendant until a trial on the battery charge was held.

■■ Defendant contends that the trial court failed to determine whether he voluntarily entered his guilty plea since the court did not properly admonish him in compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). It is therefore argued that the defendant did not intentionally nor knowingly waive his constitutional rights since he did not understandingly and voluntarily enter his guilty plea. *Boykin v. Alabama,* 395 U.S. 238, 242, 23 L.Ed.2d 274, 89 S.Ct. 1709, 1711.

Supreme Court Rule 402 provides in pertinent part:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to

persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him." (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a).)

Judicial construction of Rule 402(a) has established that this rule does not require strict, literal adherence to every word, but only substantial compliance with its terms. (E.g., People v. Mendoza, 48 Ill.2d 371, 373-74, 270 N.E.2d 30, 32; People v. Brown, 29 Ill.App.3d 613, 331 N.E.2d 862, 863.) In ascertaining whether a given trial court has "substantially complied" with Rule 402(a), People v. Krantz, 58 Ill.2d 187, 317 N.E.2d 559, offers insight. In that decision, the Supreme Court pointed out that the remarks and advice of the court must be read in a practical and realistic manner. Moreover, the court expounded that the requirements of Rule 402(a) have been substantially complied if "an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule." (People v. Krantz, 58 Ill.2d 187, 193, 317 N.E.2d 559, 563.)

In light of the above legal tenets, we are satisfied, from a review of the entire record, that the trial court "substantially complied" with the precepts of Rule 402(a) in informing the accused of his rights and in determining that he understood the nature of the charge against him. The defendant was informed that if he pled guilty, he would not receive a trial of any kind. The fact that defendant was competently represented by counsel and intelligently and voluntarily entered into a plea of guilty adds credence to the proposition that he knowingly waived the rights to a trial by jury and to confront witnesses against him. Although he was not informed as to the minimum sentence for the offense committed, the trial judge did advise him as to the maximum punishment to which he could be subjected. Regarding the nature of the charge, there is no merit to defendant's contention that he was not apprised of the reckless conduct charge because the court misstated that charge when it stated he was charged with "criminal damage to property." The record clearly shows that the State elected to nolle prosequi the damage to property charge. The court then acknowledged that the State would "proceed on the reckless conduct" charge to which the Public Defender replied, "Plea is guilty to reckless conduct." We are satisfied that the court's misstatement was merely a slip of the tongue. Conceding that the defendant was not informed of his right to plead not guilty, it must be remembered that literal compliance, in which all admonitions must be given, is not

required, since the purpose of Rule 402 is to "insure properly entered pleas of guilty, [and] not to provide for merely an incantation or ceremonial." *People v. Krantz*, 58 Ill.2d 187, 194-95, 317 N.E.2d 559, 564.

We next consider whether the defendant was proven guilty beyond a reasonable doubt of the battery charge. The record reveals that on April 11, 1974, approximately at 9:30 p.m., there was an altercation between complainant Tommy Wyer and the defendant at a school playground. Miss Wyer testified that she was sitting in the playground with one Natalie Hall when she was approached by the defendant, who was accompanied by two of his friends. She further related that the defendant, whom she knew well, just walked up to her, said something, and started hitting her in the face, first with his fist, then with a beer can, and finally with a stick. This alleged pummeling resulted in the swelling of the entire right side of Miss Wyer's face and required her to be hospitalized for six days. She also testified that she did not have a weapon.

Officer David Peters testified that when he arrived at the scene, Miss Wyer was lying unconscious in the street. Upon obtaining the name and address of the defendant from some bystanders, he proceeded to arrest the defendant at his home. In doing so, he noticed that the defendant had cuts on his hands. The defendant told him that Tommy Wyer had a knife and he received the cuts while fighting with her. On redirect, Officer Peters related that he searched the area in the playground and was unable to find the knife.

The defendant took the stand in his own defense and gave a different account of the instant transaction. Besides indicating that he had previous altercations with Miss Wyer, he related that on the day in question, he walked over to Tommy Wyer and told her not to pull her weapon on him. He said on a previous occasion, Miss Wyer pulled a knife on him when he asked for a cigarette. At the end of their conversation, which lasted roughly 30 minutes, the defendant proceeded to walk over to Natalie Hall whereupon Miss Wyer kicked him. The defendant retaliated by striking her with his open hand. He further testified that Miss Wyer then reached into her purse, grabbed a knife, and commenced stabbing his chest and his back. As a result of his efforts to take the knife away, his thumb was cut. This prompted him to hit Miss Wyer on the jaw with his fist and to kick her. When he finally succeeded in obtaining the knife, he threw it on the ground and departed.

After the defense rested, the court inquired whether there was any rebuttal. When the State replied in the negative, the court remarked, "Rebuttal testimony is highly indicated if you have it, or else I will draw inference from lack of it." The State then recalled Miss Wyer who

denied having a knife. In response to the question posed by the court, she indicated that she picked up a pop bottle, broke it on the ground and cut the defendant's hands.

Although the defendant concedes that the testimony of one credible witness is sufficient to convict even though such testimony was contradicted by the accused (*People v. Gralewski*, 132 Ill.App.2d 755, 757, 270 N.E.2d 566, 568; *People v. Robinson*, 105 Ill.App.2d 57, 67, 245 N.E.2d 137, 142), he insists that Miss Wyer was not a credible witness. Defendant contends that she blatantly lied on direct examination as to whether she had a weapon at any time during the alleged attack since she admitted, on rebuttal, to cutting the defendant's hands with a pop bottle. ■■ We must note initially that the trial court saw and heard the conflicting testimony of the principal witnesses. It is well settled in Illinois that a reviewing court will not substitute its judgment for that of the finder of fact on questions involving the weight of the evidence or the credibility of the witnesses and will not reverse a criminal conviction unless the evidence is such as to raise a reasonable doubt of guilt. (*People v. Jones*, 60 Ill.2d 300, 307, 325 N.E.2d 601, 605.) The circumstances in the instant case do not warrant enforcement of this latter directive. The main thrust of defendant's argument is that the complaining witness lied about a material issue in the case, namely, she initially denied having a weapon, yet testified on rebuttal that she picked up a pop bottle, broke it, and used it to cut the defendant's hands. Whether complainant considered the pop bottle to be a weapon and whether she perjured herself was a matter peculiarly within the sound discretion of the trial court to determine. Yet, even assuming the bottle was a weapon, the complainant did not perjure herself since her initial direct testimony merely denied that she possessed a weapon *at the time* she was viciously attacked by the defendant. We therefore agree with the State that this evidence was not an attempt to deceive the court.

■■ Defendant's contention that the State's failure to produce Natalie Hall as a witness raised an inference that her testimony would have been unfavorable to the prosecution was also without merit. The State is not obligated to call every witness who might testify to the occurrence. (*People v. Farnsley*, 53 Ill.2d 537, 545, 293 N.E.2d 600, 606.) Moreover, judicial resolution of this issue has indicated that a negative inference will not be raised where such a witness is known and available to the defense, and yet is not called by the defense (*e.g., People v. Farnsley; People v. Hayes*, 4 Ill.App.3d 997, 1000, 282 N.E.2d 777, 779). The defendant overlooks the fact that he had equal access to eyewitness Natalie Hall as did the State. He knew Natalie and even testified that he was

kicked by the complainant as he was walking towards her. Having failed to call the witness himself, the defendant is in no position to claim prejudice by failure of the State to use her testimony. (*People v. Nowak*, 45 Ill.2d 158, 168, 258 N.E.2d 313, 318.) We therefore conclude, after a careful examination of the record, that the evidence does support the conclusion that the complainant's testimony was more reasonable and plausible than that of the defendant and that the defendant's guilt was proven beyond a reasonable doubt.

The defendant's final contention is that he did not understandingly waive a jury trial. When the case was called for trial, the court inquired as to whether the defendant was ready for trial on the battery charge. His counsel replied, "Ready for trial and the plea is not guilty, jury waived."

Section 103—6 of the Code of Criminal Procedure of 1963 provides that:

> "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court." (Ill. Rev. Stat. 1973, ch. 38, par. 103—6.)

Judicial consideration of this issue has indicated that there is no precise formula to determine whether a waiver of a jury trial is understandingly made; rather, each case must be viewed in light of its own facts. (*People v. Shelby*, 25 Ill.App.3d 614, 323 N.E.2d 559; *People v. Redmond*, 10 Ill.App.3d 55, 294 N.E.2d 5, 6.) However, in *People v. Sailor*, 43 Ill.2d 256, 260, 253 N.E.2d 397, 399, the Supreme Court held that where defense counsel waives the defendant's right to a trial by jury in open court and in defendant's presence, the defendant is deemed to have acquiesced in and is bound by his attorney's action.

■■ Defendant relies on appellate court opinions (*People v. Boyd*, 5 Ill.App.3d 980, 284 N.E.2d 649; *People v. Baker*, 126 Ill.App.2d 1, 262 N.E.2d 7), which qualified and limited the *Sailor* decision, in positing that the record fails to reveal that the public defender had any opportunity to confer with him and inform him of his right to trial by jury in connection with the battery charge. Yet, in the recent decision of *People v. Murrell*, 60 Ill.2d 287, 326 N.E.2d 762, the Supreme Court reaffirmed the *Sailor* decision and rejected an argument analogous to that of the defendant when it held:

> "We also cannot accept the defendants' argument that *Sailor* should not be followed where counsel is not appointed until the time of trial and the record does not indicate that the newly appointed counsel had an adequate opportunity to confer with the defendant. This argument is again asking the court to presume

from a silent record that the waiver was *not* knowingly and understandingly made." (*People v. Murrell*, 60 Ill.2d 287, 291, 326 N.E.2d 762, 765).

In the case at bar, the defendant does not contend that he was in any way prejudiced by his counsel's waiver nor that his waiver was not voluntary. In light of *Murrell*, defendant's actions in permitting his attorney, in his presence and without any objection, to waive his right to a jury trial constitutes a valid jury waiver binding upon the defendant.

Accordingly, the judgments are affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.