The People of the State of Illinois, Plaintiff-Appellant, v. Richard J. Close, Sr., et al., Defendants-Appellees.

Gen. No. 64–75.

Third District.

June 29, 1965.

William G. Clark, Attorney General, of Springfield (August B. Black, State's Attorney, of Morris, and Fred G. Leach, Assistant Attorney General, of counsel), for appellant.

S. J. Holderman, of Morris, for appellees.

CORYN, J.

On May 16, 1964, George H. Benigni, an agent of the Federal Bureau of Investigation, presented to Circuit Judge Howard C. Ryan, the following complaint for search warrant:

"Complainant, George H. Benigni, an Agent of the Federal Bureau of Investigation, in said County and State, being first duly sworn according to law, complains to and informs under oath on May 16, 1964, in said County and State, that gaming apparatus, implements, devices and books and records or other paraphernalia utilized in furtherance of gaming are con-

cealed, kept and provided to be used in unlawful gaming in the northwest portion of the first floor of The Seven Gables, an establishment commonly used as a tavern and restaurant, located in Saratoga Township in the County of Grundy and State of Illinois, approximately two miles west of the City of Morris, Illinois, and which establishment is situated on the north side of U. S. Highway No. 6, and is a place resorted to for the purpose of unlawful gaming and gambling.

"That complainant verily believes that certain gaming and gambling apparatus, devices and implements, to wit: one dice table, one roulette wheel, multicolored chips, dice and money are concealed in and about the rooms, walls, floors, ceilings, vaults, safes, areaways, and other rooms of the said premises in the above described premises in said County and State.

"That the following are the reasons for said belief: complaints from previous players engaged in the said gambling games and there has been an eye witness to the said games and to the losses and winnings of U. S. currency from said games by and among individuals participating in said games; and he has observed persons known to him to be gamblers enter the premises described above on April 25, 1964, and May 9, 1964, between the hours of 9:00 P. M. and midnight, and he has observed persons known to him as gamblers gain admission and enter the door of the aforesaid premises as above described and remain in the aforesaid premises for long periods of time.

"WHEREFORE, he prays that a Search Warrant may be issued according to law.

/s/ George H. Benigni."

This complaint was under oath and had attached to it Agent Benigni's affidavit, which contained the same statements as the complaint, but added that Benigni

"has reasonable and probable belief that the said premises will be used for said gaming and gambling games on May 16, 1964, based upon information from an undercover eye witness, who is known to have furnished reliable information in the past."

On the basis of this complaint and affidavit, the Circuit Judge issued a search warrant to all peace officers of the State of Illinois to search, in the night time, the northwest portion of the first floor of The Seven Gables, a restaurant and tavern, located two miles west of Morris, Illinois, for gaming apparatus, implements, paraphernalia, and records. Thereupon a search of The Seven Gables was made by law enforcement officers in which various items of gambling equipment were seized, and as a result thereof, the several defendants were arrested and charged with keeping a gambling place and/or gaming.

On May 21, 1964, the defendants filed a "Motion to Quash Search Warrant and Suppress Evidence Illegally Seized," which motion was granted on October 19, 1964, by the Circuit Court of Grundy County. The State has perfected this appeal from that decision pursuant to c 38, § 120-1, Ill Rev Stats (1963). The issues presented are: (1) whether separate affidavits can be used to aid and supply additional facts to the motion or complaint for a search. warrant, and (2) whether the complaint for a search warrant as filed herein by F. B. I. Agent Benigni was sufficient to establish the requisite "probable cause" for the issuance of the search warrant.

██ The Illinois "Code of Criminal Procedure of 1963" provides as follows:

*"Grounds for Search Warrant.* Upon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things

to be seized, any judge may issue a search warrant for the seizure of the following:

(a) Any instruments, articles or things which have been used in the commission of, or which may constitute evidence of, the offense in connection with which the warrant is issued.

(b) Any person who has been kidnaped in violation of the laws of this State, or who has been kidnaped in another jurisdiction, and is now concealed within this State, or any human fetus or human corpse." C 38, § 108–3, Ill Rev Stats (1963).

The defendants contend, and the trial judge so concluded, that the use of the words "upon the written complaint of any person" precludes the use of attaching to a complaint for search warrant separate affidavits in aid of said complaint. We reject this argument. The Bill of Rights of the Constitution of Illinois, 1870, specifically contemplates the use of such affidavits. Article II, § 6 thereof, states:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and *no warrant shall issue without probable cause, supported by affidavit,* particularly describing the place to be searched, and the persons or things to be seized." (Emphasis added.)

In addition to these Constitutional provisions, the Code of Criminal Procedure of 1963, c 38, § 108–14, Ill Rev Stats (1963), provides that "no warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." We conclude, therefore, that a com-

482

plaint for a search warrant must be verified, and that it can be aided by attached supporting affidavits.

The defendants' "Motion to Quash the Search Warrant and Suppress Evidence Illegally Seized" was based on the theory that the complaint and affidavit for the search warrant were not sufficient to show probable cause for the issuance of a search warrant, as they stated no facts upon which the complaint was based, but mere conclusions, and consequently did not meet the requirements of the United States Constitution and of the Constitution of Illinois.

■ The United States Supreme Court has held that the proscriptions of the Fourth Amendment to the United States Constitution are enforceable against the States through the Fourteenth Amendment to the United States Constitution. Mapp v. Ohio, 367 US 643, 81 S Ct 1684, 6 L Ed2d 1081; Ker v. California, 374 US 23, 83 S Ct 1623, 10 L Ed2d 726; Aguilar v. Texas, 378 US 108, 84 S Ct 1509, 12 L Ed2d 723. Consequently, Illinois courts have followed the decisions of the United States Supreme Court when required to rule on the legality of searches and seizures. People v. Catavdello, 31 Ill2d 382, 202 NE2d 1; People v. Erickson, 31 Ill2d 230, 201 NE2d 422.

■ Standards for gauging the sufficiency of a complaint for a search warrant have been established. A search warrant will issue only upon a finding of probable cause. US Const, Amend IV; Ill Const, Art II, § 6. The written complaint for a search warrant shall be verified, and shall describe the place and/or person to be searched and the things to be seized. C 38, § 108-3, Ill Rev Stats (1963). "Probable cause" can be shown by less evidence than is required for a conviction. Locke v. United States, 7 Cranch 339, 348, 3 L Ed 364, 367; United States v. Ventresca, 38 US 102, 85 S Ct 741, 13 L Ed2d 684, 688. "Probable cause" may be established by evidence that is not legally com-

petent in a criminal trial. Draper v. United States, 358 US 307, 311, 79 S Ct 329, 3 L Ed2d 327, 331; United States v. Ventresca, supra. Hearsay may be the basis for the issuance of a search warrant if a substantial basis for crediting the hearsay is shown. Jones v. United States, 362 US 257, 272, 80 S Ct 725, 4 L Ed2d 697, 708; United States v. Ventresca, supra. Probable cause cannot be established by a complaint for a search warrant which is purely conclusory, stating only the affiant's or an informer's belief that probable cause exists, without detailing any of the underlying circumstances upon which that belief is based. United States v. Ventresca, 13 L Ed2d 684, 689; Aguilar v. Texas, 12 L Ed2d 723, 728. Complaints for search warrants must be tested by courts in a common sense and realistic fashion, without applying the technical requirements of elaborate specificity once exacted under common law pleadings. United States v. Ventresca, 13 L Ed2d 684, 689.

The verified complaint and affidavit for a search warrant as filed herein by F. B. I. Agent Benigni sufficiently described the place to be searched and the things to be seized. Benigni then states that he has "reasonable and probable belief" that the described premises and articles to be seized will be used for gambling on May 16, 1964. The reasons for his belief, Benigni states, are:

1. "[C]omplaints from previous players engaged in said gambling games. . . ."
2. "[T]here has been an eye witness to the said games. . . ."
3. "[H]e has observed persons known to him to be gamblers enter the premises on April 25, 1964, and May 9, 1964. . . ."
4. "[H]e has observed persons known to him as gamblers gain admission and enter the door

484

of the . . . premises . . . and remain . . . for long periods of time."

5. "[I]nformation from an undercover eye witness, who is known to have furnished reliable information in the past. . . ."

In the Ventresca case the complaint and affidavit were held to sufficiently establish probable cause where the affidavit was "detailed and specific," setting out the observations on nine separate dates of the activities at or near the premises to be raided. Also, Government Agent Mazaka swore in that case that the information contained in his affidavit was based upon his personal knowledge, upon observations made by him, and upon information officially received by him from fellow investigators assigned to that case.

In the Aguilar case, the Supreme Court held that a warrant was erroneously issued on an affidavit reciting:

"Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbituates, and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law."

The defect in that affidavit, said the court at 12 L Ed2d 723, 728, is the fact that "it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession." The Supreme Court then held that an affidavit may be based on hearsay information and on evidence not legally competent at a criminal trial. The court also stated that the affidavit need not reflect the direct personal observations of the affiant. Where the affidavit is based on hearsay, however, the

court held that the magistrate "must be informed of some of the underlying circumstances from which the [undisclosed] informant concluded that narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was 'credible or his information reliable.' " The magistrate must be allowed from the complaint and affidavit to judge for himself "the persuasiveness of the facts" relied upon by the affiant to support affiant's belief.

In the case at bar, affiant's complaint and affidavit show that his undisclosed informants "spoke with personal knowledge." One was described as an eyewitness to the ultimate fact of gambling on the premises, and to the presence there of gambling devices. Other informants were described as persons who had in fact gambled on defendants' premises. Agent Benigni, himself, observed known gamblers enter and leave on certain days at certain hours. This statement of the underlying facts and circumstances which support the affiant's conclusion or belief distinguishes the case at bar from the Aguilar case where the affidavit merely stated the conclusion that affiant had formed a belief on the basis of information furnished by credible persons. All inferences to be drawn from whatever information was furnished affiants was reserved to the affiants in the Aguilar case. The nature or source of the informant's knowledge or belief was not disclosed and for all that appeared, hearsay was perpetuated on top of hearsay, without "substantial basis for crediting [any of] the hearsay." In the case at bar, the Circuit Judge, who issued the warrant, was informed of the underlying circumstances which were the basis of affiant's belief, i. e., that affiant had been so informed by an eyewitness to the gambling and to the presence of offensive devices, and by persons who

486

had admitted to having gambled there, and by his own observation of the arrival and departure of known gamblers. The complaint and affidavit here were not a mere affirmation of suspicion and belief of guilt without any statement of supporting facts from which the issuing Judge himself might draw reasonable inferences. The Judge was allowed, on the basis of the complaint and affidavit, to determine for himself the "persuasiveness of the facts" relied upon by affiant. The recitation of the complaint and affidavit that affiant's belief is rested upon information supplied by an eyewitness to the gambling states "a substantial basis for crediting the hearsay," and excludes the offensive possibility that the warrant would issue merely on the basis of "multiple form[s] of hearsay." The Judge who issued the warrant in the case at bar was never called upon to accept the affiant's mere "in pectore" belief, or the mere "in pectore" belief or suspicion of an undisclosed informer, and in this respect the case here differs materially from the facts presented in the Aguilar case.

 We are of the opinion that the complaint and affidavit herein comply with the standards established by the United States Supreme Court. Both the Circuit Court in review of the issuing Judge's determination, through the motion to quash, and this court by this interlocutory appeal, must sustain the issuing Judge's determination of probable cause so long as there is a substantial basis for that determination. Consequently, the judgment of the Circuit Court is reversed, and the case is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

ALLOY, P. J. and STOUDER, J., concur.