The People of the State of Illinois, Plaintiff-Appellant, v. Richard A. Herbert, Defendant-Appellee.

(No. 54546; ▋▋▋▋▋▋▋▋

First District—February 5, 1971.

*Rehearing denied February 23, 1971.*

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, both of counsel,) for the People.

Julius Lucius Echeles and John Barton, both of Chicago, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This interlocutory appeal is from an order that sustained defendant's motion to suppress evidence. The only issue is whether the ruling was error.

In support of his motion, defendant testified that at about 3:30 P.M. on August 28, 1968 he was driving a gold-colored 1963 Cadillac convertible at or near 6940 North Oakley Avenue in Chicago. With him, seated in the front seat, was Allen Spellberg. No one saw defendant violate any law. He was stopped by Chicago policemen. They told him

to open the trunk of his car. When he refused, the officers took the key, opened the trunk and found three bags of marijuana.

To justify this search, the State called Detective Richard McKelvey who testified that "[w]e stopped that vehicle because of the reliable information received from a very reliable informant." McKelvey said that between 11:00 and 11:30 A.M. on August 28 he had a telephone conversation with an informant he had known for about nine months. He knew this person "[t]hrough prior meetings, prior conversation, prior acquaintances." These conversations and meetings had "[r]esulted in information that consummated narcotics investigations." Detective Mc-Kelvey testified that approximately ten arrests resulted from the conversations; and of these approximately four became convictions. The detective said the informant told him that at approximately 3:30 P.M. on that day, from the vicinity of 2621 West Greenleaf, an individual by the name of Richard Herbert was going to deliver a large quantity of narcotics to the Lincoln Park area in a 1963 gold-colored Cadillac. His informant, according to McKelvey, did not describe Richard Herbert; nor did McKelvey have Herbert's description. McKelvey testified that the informant told him he saw the individual known to him as Richard Herbert put the "contraband" into the trunk of the car.

At approximately 3:00 P.M. on August 28, 1968, acting on information received from the informant, Detective McKelvey, three fellow officers and several federal narcotic agents began a surveillance of 2621 West Greenleaf Avenue. At about 3:30 P.M. McKelvey said they saw defendant and "a white male" emerge from the building and enter a gold-colored Cadillac. With the defendant driving, the vehicle proceeded to the point where it was stopped. When asked, McKelvey admitted that August 28 was a week day and he knew that judges were holding court in three different buildings. No warrant was obtained. After hearing defendant and the detective testify, the trial judge denied the motion to suppress the marijuana taken from the trunk of the car.

A little more than a month later, defendant renewed his motion. He was granted another hearing. He called Detective McKelvey as his witness. In answering questions concerning reliability of the informer, McKelvey testified that the four convictions he referred to in his original testimony were obtained after August 28, 1968. From this fact, defendant argued that on the day of the search the informer was not reliable; that arrests, standing alone, do not furnish grounds for informer reliability; and that the information furnished McKelvey by the informant lacked underlying circumstances sufficient to establish probable cause for the search.

In response the State urged that although reliability of an informer

need not rest on convictions obtained on his information, in this case there was probable cause for the search because McKelvey, by seeing the gold-colored Cadillac where and when the informant said it would be, corroborated the information given. After hearing evidence and arguments of counsel, the trial judge again denied defendant's motion and set the cause for trial.

The next occasion when the case was called, counsel for defendant asked the trial judge to reconsider his prior ruling. He argued that the officers "[h]ad no legal grounds to stop and search the trunk of that car." In the course of urging reconsideration, counsel called attention to the fact that according to Detective McKelvey, he talked with the informant at 11:00 A.M. and made the search at approximately 3:30 P.M. Thus, it was argued, there was sufficient time to obtain a warrant. When the trial judge asked for legal authority in support, counsel cited *Johnson v. United States* (1948), 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 and *People v. McClellan*, 34 Ill.2d 572, 218 N.E.2d 97. The trial judge then said, "Under the circumstances, they should have a warrant. So, under all the evidence I have heard, I'll reconsider the motion to suppress and the motion to suppress will be sustained, * * *"

The State contends this ruling was error. It argues that, as the court had twice found, Detective McKelvey and his fellow officers acted on probable cause when they searched defendant's car; and that the trial judge erred when, without factual findings to the contrary, he reversed his prior rulings because he thought a warrant was necessary for the search of defendant's vehicle. In support the State cites *Cooper v. California* (1967), 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730; *People v. Hanna*, 42 Ill.2d 223, 247 N.E.2d 610 and *People v. Wright*, 42 Ill.2d 457, 248 N.E.2d 78. Defendant, on the other hand, contends that the search of his car was without probable cause; that there was neither informer reliability nor corroboration which justified the search; but more important, under the facts of this case, a warrant should have issued before the search was made.

What distinguishes this case from those cited in support of the judgment below is the determination by the trial judge, on two occasions, that Detective McKelvey was credible and that there was probable cause to search defendant's car. On the third occasion when the trial judge ruled on defendant's motion, without evidence being heard and without changing his prior determination, he sustained defendant's motion because "the police in most causes should have a warrant." The only thing defendant's counsel did was cite two cases. Neither was in point. In one of them, *Johnson v. United States*, a warrantless search was made of private living quarters. The United States Supreme Court held there

were no circumstances to justify failure of the officer to obtain a search warrant. In the other, *People v. McClellan,* the Illinois Supreme Court does not discuss the rule concerning issuance of a search warrant before a search is made.

In this case the search occurred on August 28, 1968. The State argues that to test its validity the question is not whether McKelvey and his fellow officers could have secured a warrant to search the trunk of defendant's car. Rather, it is whether the search without a warrant was reasonable. The State relies on *United States v. Rabinowitz* (1950), 339 U.S. 56, 66, 70 S.Ct. 430, 94 L.Ed. 653. Defendant attempts to meet this argument with the contention that *Rabinowitz* is no longer law because it was overruled in *Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

This contention cannot prevail. The search about which defendant complains occurred before June 23, 1969 when *Chimel* was decided. Therefore, *Chimel* does not apply. It has only prospective application. *Porter v. Ashmore* (4 Cir. 1970), 421 F.2d 1186. Furthermore, the court in *Chimel,* speaking of *Rabinowitz* and one other case, said, "[we] hold that on their own facts, and insofar as the principles they stand for are inconsistent with those that we have endorsed today, they are no longer to be followed." *Chimel* and *Rabinowitz* were cases relating to searches incident to a lawful arrest, and the proper extent of such searches. Here the State does not rely on a search incident to an arrest nor is there any question of the scope of the search, as the officers' intent from inception of the case was to search the trunk of a car. The State, thus, relies on the proposition that the search of the car's trunk was reasonable because made with probable cause. Therefore, as was said in *People v. Tassone,* 41 Ill.2d 7, 10, 241 N.E.2d 419:

We need not decide whether the search and seizure can be sustained under the traditional test of whether it was incident to an arrest without a warrant based on probable cause to believe that the defendant had committed or was committing a felony. The validity of all searches and seizures must be determined from the facts and circumstances in each case in the light of the fourth amendment's proscription of unreasonable searches and seizures and consistent with the opinions of the United States Supreme Court. (*Ker v. California,* 374 U.S. 23, 10 L.Ed.2d 726, 83 S.Ct. 1623.) In *Terry v. Ohio,* 392 U.S. 1, the court held that a limited search could be reasonable without being incident to a valid arrest based on probable cause. Whether a search and seizure is reasonable depends upon whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified initial interference with a defendant's

personal security. In making this determination an objective standard is to be applied: would the facts available to the officer at the moment of the seizure or the search warrant a man of reasonable caution to believe that the action taken was appropriate? *Terry v. Ohio,* 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868, 1879, 1880.

The record before us shows an undisturbed determination by the trial judge that the State's witness was credible and that at the moment when the trunk of defendant's car was searched, the officers had probable cause to believe that the action taken was appropriate. The evidence supports this determination. Under these circumstances we must sustain it. *People v. Hanna, supra;* see *People v. Close,* 60 Ill.App.2d 477, 208 N.E.2d 644 and compare *People v. Robinson,* 105 Ill.App.2d 57, 245 N.E.2d 137. For these reasons we reverse with directions that the trial court deny defendant's motion to suppress evidence.

Reversed and remanded with directions.

DRUCKER and ENGLISH, JJ., concur.