THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES HARRISON DOWNING, Defendant-Appellant.

Second District (1st Division)    No. 74-372

Opinion filed April 8, 1976.

Ralph Ruebner and Ira A. Moltz, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant, James Downing, was convicted in a bench trial of possession of cannabis in an amount in excess of 10 but less than 30 grams and possession of LSD in excess of 30 grams. He was sentenced on the LSD conviction to serve a 4-8 year term with the Illinois Department of Corrections. No sentence was imposed on the conviction of possession of cannabis. On appeal, defendant contends: (1) that the statutes under which he was convicted, section 4 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704) and section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402) are unconstitutional; (2) that the trial court erred in denying defendant's motion to suppress evidence; and (3) that defendant's conviction for possession of cannabis should be reversed since it arose from the same conduct as his conviction for possession of LSD.

■■ Defendant's first contention is that the statutes under which he was convicted are unconstitutional, as violative of due process and equal protection, because they impose graduated penalties based upon the amount of a "substance containing" cannabis or a controlled substance rather than upon the amount of pure cannabis or controlled substance possessed. This issue has recently been decided by our Supreme Court adversely to the position taken by defendant in *People v. Mayberry* (1976), 63 Ill. 2d 1, 345 N.E.2d 97, wherein the court concluded:

> "* * * the classification schemes are not unconstitutional merely because they are based on the amount of the 'substance containing' the cannabis or controlled substance rather than upon the pure cannabis or controlled substance."

Accordingly, defendant's contention in this regard is without merit.

Analysis of defendant's second contention, regarding the denial of his motion to suppress evidence, requires a summary of the hearing on defendant's motion to suppress. Defendant grounded his motion to suppress upon alleged violations of his rights under the Federal and State constitutions occurring as a result of a search of his person by Rockford police officers without a warrant.

At the hearing on the motion to suppress there was testimony by the defendant and two police officers. Defendant testified that on October 5, 1973, he was riding in a car being driven by one Gary DuSavage. As DuSavage parked his car on the street, two officers pulled up and told them to get out of the car. The officers searched the car and the persons of defendant and DuSavage. Defendant testified that, to his knowledge,

DuSavage had not been violating any traffic laws and that the officers did not present either a search or arrest warrant. Defendant admitted that the officers did find something in his shirt. Following the search, defendant was placed under arrest.

Michael Smith, a narcotics investigator with the Winnebago County Sheriff's office, was then called as the State's first witness. Smith testified that at about 6:10 p.m. on October 5, 1973, he received a telephone call from an informant. The informant advised Smith that there was a 1962, green and blue Chevy in the area of Reed Avenue and 11th Street with the trunk tied down with a rope and with some rear end damage. The informant further advised Smith that two individuals were in the vehicle, Gary DuSavage, who was driving, and the defendant, who was a passenger. In addition, the informant told Smith that the defendant had tried to sell the informant some LSD and that he had observed the LSD in a plastic bag which was rolled up in defendant's left shirt sleeve. Smith then relayed this information to Detective McMahon, the third and final witness at the hearing, who drove to the 11th Street-Reed Avenue area and observed an automobile matching the description given. Detective McMahon and his partner then followed the vehicle until it stopped. At that time the officers advised the occupants of the car that McMahon and his partner were police officers and then ordered them out of the car. A subsequent search revealed the plastic bag containing drugs in defendant's left shirt sleeve.

On direct examination, Officer Smith testified that the informant had given information which led to "at least three" arrests and convictions, some dealing with narcotics and some dealing with burglaries. He also testified that with respect to one or two individuals whom the informant had identified as narcotics dealers, the informant's information proved to be accurate but no arrests were made. On cross-examination, the number of arrests and convictions resulting from informant's information became unclear. On cross-examination, Smith testified that the three cases he had referred to on direct examination were all burglaries, that some of the informant's information regarded narcotics, and that the informant had given information which lead to arrests and convictions "[p]robably six times, seven times." Defense counsel then asked Officer Smith, "Can you identify them?" An objection was interposed by the State to this question on the ground that the question called for information which would tend to reveal the identity of the informant. The court then sustained the objection, stating, "* * * you are not entitled to the identity of the informant * * *." The defense then ceased its cross-examination of Officer Smith. Following the testimony of Officer McMahon, referred to above, the court found that the officers had probable cause to search and denied defendant's motion to suppress.

Defendant's position on appeal is that when the trial court sustained the

State's objection to the defense question above noted, it thereby prevented the defendant from inquiring about the identity of the informant and particular instances in which the informant's information had led to arrests and convictions. This, as defendant phrases the issue, prevented the State from negating defendant's *prima facie* case that the police lacked probable cause to arrest defendant. Defendant thus appears to actually raise two questions regarding the motion to suppress, to-wit: whether the identity of the informant should have been disclosed and whether the reliability of the informant was established.

■■  It is clear that Illinois recognizes a privilege against the disclosure of the identity of an informant in certain situations (see Ill. Rev. Stat. 1973, ch. 110A, par. 412(j)(ii); *People v. Durr* (1963), 28 Ill. 2d 308, 192 N.E.2d 379) and that this privilege is constitutional. (*McCray v. Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056.) It is also clear that this privilege is not absolute, as noted by the United States Supreme Court in *Roviaro v. United States* (1957), 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623:

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors."

In *People v. Lewis* (1974), 57 Ill. 2d 232, 311 N.E.2d 685, our Supreme Court, applying the above balancing-of-rights test in the situation involved therein, held that at the trial on the merits, disclosure of an informant's identity is required. The court specifically noted, however, that it was not reaching the issue of whether disclosure would be required at hearings on motions to suppress, or at similar pretrial proceedings. In a motion to suppress, where the informant was not present at the time of arrest, did not participate in the crime and did not help to set up its commission, disclosure of the identity of the informant is not required. (*People v. Nettles* (1966), 34 Ill. 2d 52, 213 N.E.2d 536; *People v. Durr; People v. Mack* (1957), 12 Ill. 2d 151, 145 N.E.2d 609.) Thus, in this case, defendant was not entitled to disclosure of the informant's identity.

■■  Next we find that the reliability of the informant was sufficiently established and that the police had probable cause to search the defendant. While the State seeks to uphold the search and seizure as properly incident to the arrest of the defendant, it is clear that in this case the actual arrest occurred subsequent to the search. This, however, is not fatal because it is well established that in certain circumstances a search without a

warrant is valid, and the evidence seized thereby is admissible, if the search is based upon probable cause, that is, if the information on which the officers acted "* * * would warrant a reasonable and prudent man in believing that a crime was being committed." (*People v. Owens* (1969), 41 Ill. 2d 465, 467, 244 N.E.2d 188, 190. See also *People v. Tassone* (1968), 41 Ill. 2d 7, 241 N.E.2d 419; *People v. Herbert* (1971), 131 Ill. App. 2d 518, 268 N.E.2d 205.) It is also well established that reasonable grounds for believing that an individual has committed a criminal offense may be based upon information furnished by an informant if the reliability of the informant has been previously established or independently corroborated. *Draper v. United States* (1959), 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329; *People v. Durr.*

In this case, the reliability of the informant was both established and independently corroborated. The informant's information was independently corroborated by the officers' personal observation of a green and blue Chevy with its trunk tied down and with rear end damage occupied by two individuals in the 11th Street-Reed Avenue vicinity. (See *Draper v. United States*; *People v. McFadden* (1965), 32 Ill. 2d 101, 203 N.E.2d 888.) In *McFadden,* the court stated:

> "Here all of the information furnished by Ware, except possession of narcotics by defendant, was personally verified by the officers before the arrest. Here, as in the *Draper* case, we believe the proven past reliability of Ware plus the independent verification of all of the present information, except possession of narcotics by defendant, gave the arresting officers probable cause to believe that the final bit of information was also correct." (32 Ill. 2d 101, 103, 203 N.E.2d 888, 889.)

Also, in this case, Officer Smith testified that the informant told him that defendant had tried to sell LSD to him and that the informant had personally observed the drugs which defendant was carrying in a plastic bag rolled up on defendant's shirt sleeve. The fact that the informant represented that he gained his information from personal observation is an additional factor justifying crediting the informant's information and acting upon it. See *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.

■■ Prior reliability of the informant was established in this case by Officer Smith's testimony at the hearing on defendant's motion to suppress. Although some confusion was brought out on the cross-examination of Officer Smith as to the number and types of convictions made as a result of the informant's information, the cross-examination of Smith tended to indicate that the informant's prior information had led to *more* arrests and convictions than Smith had indicated on direct examination. Also, while it has been held that prior *arrests* alone based upon an infor-

mant's information do not serve to establish his reliability (*People v. McClellan* (1966), 34 Ill. 2d 572, 218 N.E.2d 97), convictions are not essential in establishing reliability. (*People v. Lawrence* ((1971), 133 Ill. App. 2d 542, 273 N.E.2d 637.) It is accurate information which is the real test of reliability. (*People v. Lawrence*.) Where it is established that an informant's information has proven accurate in the past, his reliability is thereby established even though the precise number of prior arrests and convictions based upon such information is either not stated or uncertain. See *People v. Nettles; People v. Ranson* (1972), 4 Ill. App. 3d 953, 282 N.E.2d 462.

Thus, we find that the trial court did not err in denying defendant's motion to suppress. The police had probable cause to search the defendant based upon the information supplied by the informant who represented to the police that he based his information on personal observation and who had proven reliable in the past, and upon their independent corroboration of the informant's information.

We turn then to defendant's third contention, that his conviction for possession of cannabis should be reversed because it arose out of the same conduct as his conviction for possession of LSD. Defendant argues that since the cannabis and LSD were found in the same plastic bag rolled up in defendant's sleeve, and since the unlawful conduct and the motivation therefore were the same, to-wit: to possess drugs, only one conviction may stand.

■■ We first note that under the authority of *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, we may consider this contention despite the trial court's failure to impose a sentence upon the conviction of the offense of possession of cannabis, since this case is properly before us on appeal with respect to defendant's conviction for possession of LSD. As to the merits, we believe that the rationale behind the numerous cases dealing with multiple convictions for offenses arising out of the same conduct does not support defendant's position. Clearly, possession of cannabis and possession of LSD are distinct offenses requiring different elements of proof. The "conduct" for which defendant was convicted of possession of cannabis was not the same as the conduct for which defendant was convicted of possession of LSD; nor can the motivation for such possession be considered identical. Thus, the defendant's conviction for possession of cannabis will not be vacated.

Accordingly, defendant's convictions and sentence are hereby affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.