THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NATHSON FIELDS, Defendant-Appellant.

First District (4th Division)   No. 77-1332

Opinion filed September 28, 1978.

Paul Bradley, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Michael E. Shabat, and Larry J. Acker, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, defendant, Nathson Fields, was found guilty of the murder of Larry Watkins (Ill. Rev. Stat. 1971, ch. 38, par. 9—1), and the aggravated battery of Charles Merriweather (Ill. Rev. Stat. 1971, ch. 38, par. 12—4). Defendant was sentenced to a term of 35 to 50 years in the penitentiary on the murder charge and 1 to 10 years on the charge of aggravated battery, the sentences to run concurrently.

Defendant presents five contentions for consideration on appeal: (1) the trial court erred in finding that defendant was accountable for the conduct of Martin in shooting and killing Watkins; (2) the highest degree of homicide for which defendant is responsible is voluntary manslaughter; (3) defendant's warrantless arrest was unlawful; (4) the trial court erred in refusing to require the State to reveal the name of the person who supposedly gave information leading to defendant's arrest; and (5) the sentence of 35 to 50 years is excessive.[1]

We affirm.

The trial testimony of Charles Merriweather and defendant's out-of-court statement as they relate to the incident are essentially the same. On October 1, 1971, at 11:30 p.m., Merriweather, Larry Watkins and Doris Lay left a party in Merriweather's automobile. When they stopped at a stop sign at a nearby street corner, two men, defendant and Robert Martin, stepped from the corner, hollered "Stone Love" and began firing handguns at the driver's side of the vehicle. Both men put their arms through the window and attempted to further discharge their weapons, but the guns were empty at the time and they fled. The occupants of the car were not hit.

Merriweather and Watkins chased their assailants. As Martin was climbing over a fence, Merriweather caught him; they fell over into a field and began fighting. Defendant came to Martin's aid by twice striking Merriweather on the head with his gun. Watkins called out for Merriweather, who reported his position. Martin broke away from the fight with Merriweather, reloaded his weapon and shot Watkins, who had

---

[1] Defendant had been previously convicted by a jury, but this court reversed and remanded for a new trial because of the improper use of a co-defendant's statement. *People v. Fields* (1975), 31 Ill. App. 3d 458, 334 N.E.2d 752.

just jumped over the fence. As Merriweather broke away, defendant told Martin to shoot him. A shot was fired but Merriweather was not hit as he jumped over the fence and ran away. Several more shots were fired. Charles Merriweather and Larry Watkins were not armed during the incident.

As defendant and Martin were escaping, Martin fired two shots at an innocent bystander, George Woods. One shot creased Woods' shoulder, and the other struck him in the face. Defendant and Martin had mistakenly believed that Woods was rival gang member Merriweather.

The police recovered the two weapons from Martin's home. Two bullets were recovered from the body of the deceased, Larry Watkins. The cause of death was a bullet wound to the head. Ballistics and other evidence indicated that Martin fired the fatal shot.

At the conclusion of the trial, the court made certain findings of fact. It found that both defendant and Martin had fired at Merriweather's car and its occupants, and that Martin shot and killed Watkins, shot and wounded George Woods, and shot at, but missed, Charles Merriweather. The court found defendant guilty of the aggravated battery of Charles Merriweather, and this finding is not challenged on appeal. The court found defendant guilty of the murder of Larry Watkins on the basis of his accountability for the conduct of Robert Martin. Ill. Rev. Stat. 1977, ch. 38, par. 5—2.

## I.

■■ Defendant's first contention is that he is not accountable for the conduct of Martin in shooting and killing Watkins. He argues that at the time Martin shot and killed Watkins, defendant was 15 feet away engaged in a fight with Charles Merriweather. He concludes that he did nothing to aid, abet or solicit Martin. The State argues that where an individual attaches himself to a group bent on illegal acts which are dangerous or homicidal in character, or which will probably or necessarily require the use of force and violence that could result in the taking of life unlawfully, he becomes criminally liable for any wrongdoings committed by other members of the group in furtherance of the common purpose, or as a natural or probable consequence thereof, even though he did not actively participate in the overt act itself. *People v. Tate* (1976), 63 Ill. 2d 105, 345 N.E.2d 480; *People v. Hughes* (1962), 26 Ill. 2d 114, 183 N.E.2d 834.

■■ With this well-established principle in mind, we find that there was ample evidence that defendant aided and abetted Martin in the shooting of Watkins, and the trial court was justified in so finding. Defendant and Martin fired at the automobile occupied by Merriweather and Watkins, and there was further evidence that they attempted to shoot at the occupants at closer range. The victims chased their fleeing aggressors and caught them. Defendant came to Martin's aid during his struggle with

Merriweather and exhorted Martin to shoot Merriweather after Watkins had been shot. Afterwards, defendant attempted to conceal his participation in the episode. It is evident that defendant countenanced and approved the acts of Martin in killing Watkins. He was present when Watkins was shot without disapproving or opposing Martin's actions. There was sufficient evidence to find him accountable. *People v. Morgan* (1977), 67 Ill. 2d 1, 364 N.E.2d 56; *People v. Cole* (1977), 47 Ill. App. 3d 775, 362 N.E.2d 432.

## II.

Defendant's second contention is that the homicide committed by Martin was voluntary manslaughter and, therefore, defendant should be accountable for the lower grade of homicide. Defendant claims that Martin had ceased being the aggressor and was under attack by his victim, but his use of deadly force was unreasonable within the meaning of section 9—2(b) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 9—2(b)). Defendant also cites the proposition that a homicide committed after mutual combat is considered voluntary manslaughter, not murder. The evidence does not support defendant's arguments.

■■ Where the evidence is conflicting, it is for the trier of fact to decide whether a homicide was murder or manslaughter, or whether it was justified as self-defense. (*People v. Davis* (1966), 35 Ill. 2d 55, 219 N.E.2d 468; *People v. Love* (1969), 108 Ill. App. 2d 97, 247 N.E.2d 40 (abstract).) In the instant case the evidence is not conflicting. Defendant and Martin were the initial aggressors. The evidence showed that when Watkins was shot he had just stepped away from the fence and was unarmed. There was no evidence that Watkins did anything to cause Martin to believe that he was in imminent danger of death or great bodily harm. (Ill. Rev. Stat. 1971, ch. 38, pars. 7—1 and 7—4(c)(1).) It is apparent that Martin simply seized the opportunity to carry out his original intention of killing Watkins and Merriweather. (See *People v. Foster* (1976), 43 Ill. App. 3d 490, 356 N.E.2d 1288.) Furthermore, Watkins was shot twice and the evidence suggests that the fatal shot may have been fired after it was apparent that Watkins had been subdued. (See *People v. Driver* (1978), 62 Ill. App. 3d 847, 379 N.E.2d 840.) In any event, the evidence demonstrated that Martin murdered an unarmed man who had not provoked him in any way. (See *People v. Eubanks* (1977), 55 Ill. App. 3d 492, 371 N.E.2d 92.) The trial court's finding that defendant was guilty of murder·will not be disturbed, and we find that the cases cited by defendant are distinguishable.

## III.

Defendant's third contention is that the trial court erred in finding defendant's warrantless arrest lawful. At trial defendant filed a motion to suppress statements he made to the police on the ground that they were

the fruits of a warrantless arrest made without probable cause. In defendant's first appeal, the court did not reach the question of the legality of defendant's arrest, but affirmed the denial of defendant's motion to suppress because of sufficient attenuation between the arrest and defendant's subsequent out-of-court statement. (*People v. Fields* (1975), 31 Ill. App. 3d 458, 334 N.E.2d 752.) The State argues that defendant is collaterally estopped from litigating the propriety of the arrest. Defendant argues that he should not be estopped from challenging the denial of his motion to suppress because (1) the appellate court did not previously determine the legality of his arrest and (2) new evidence was presented at his second trial regarding the issue of attenuation.

Without deciding the estoppel question, we proceed to the merits of defendant's argument concerning the legality of his arrest. At the hearing on the motion to suppress it was brought out that on October 2, 1971, Officer Vinson received information from other police officers that three people had been shot at while riding in a car and one was subsequently killed. Pursuant to his investigation, Vinson proceeded to the residence of Doris Lay. She related that she left a party with Charles Merriweather and Larry Watkins in a dark green Dodge Charger at 11 p.m. on October 1, 1971. They pulled up to 145th and Leavitt Streets when two men standing on the sidewalk began shooting at the car. She described one man as black, 18 or 19 years old, 5 feet 8 inches or 5 feet 9 inches tall, wearing a light-colored suit with a large Afro. The other man she described as the same age, height and race, wearing a black hat with a red band. The hat indicated to the officer that this offender was a member of a particular street gang. On October 4, 1971, Officer Vinson went to the residence of a 14-year-old boy and his mother. Because they feared for their safety, Vinson promised anonymity in return for information about the incident. Vinson had talked to the boy before, but it was not clarified in what capacity. The unidentified youth told Vinson that he left a party at 144th and Leavitt at 11:30 p.m. on October 1, 1971. He observed a green Dodge Charger or Challenger pull up to 145th and Leavitt. Two youths began shooting at the car. He identified the youths as Robert Martin and Nathson Fields, whom he knew because at one time they all lived in the same town. Vinson obtained two photographs of these individuals and showed them to the unidentified youth, who identified them as the shooters. Subsequently, Martin and defendant were arrested.

On cross-examination, it was brought out that a complaint for a search warrant which Officer Vinson signed indicated that Doris Lay had positively identified Martin and Fields. Vinson testified that the information contained in the warrant, as it related to the person who made the identification, was incorrect. Vinson further testified that the complaint was drawn up by an assistant State's Attorney to whom Vinson gave the correct information.

Defendant contends that an uncorroborated tip from an anonymous informer, whose reliability is not known, does not constitute probable cause for arrest. The State argues that it was reasonable for the police to act on information given by a private citizen without establishing prior reliability.

*People v. Martin* (1977), 46 Ill. App. 3d 943, 361 N.E.2d 595, *appeal denied* (1967), 66 Ill. 2d 634, involved an appeal by defendant's accomplice for the incident herein. The court confronted a substantially similar issue and found that probable cause for a warrantless arrest had been shown. The information furnished by Doris Lay to the police was the same in the *Martin* case except Lay was not identified. The information from the unidentified youth was the same but it was additionally revealed in the *Martin* case that the youth had been an informer in an unknown number of cases and had been responsible for giving information which had led to one prosecution for unlawful use of weapons. After the *Martin* court thoroughly discussed the citizen-informer rule of probable cause, it found that the information from the unidentified male youth was not sufficient to establish probable cause, but when considered in conjunction with the unidentified female's information, the reliability of the male's identification was enhanced to the point necessary to establish probable cause. 46 Ill. App. 3d 943, 954-55.

■■ We find the reasoning of the *Martin* decision on the issue to be persuasive. The facts of the instant case present even a stronger case for probable cause than those found sufficient in *Martin.* The defendant suggests that the hearsay information as related by Officer Vinson was discredited because of the complaint for search warrant which showed different hearsay information. However, the matter of the officer's credibility was for the trial court to determine, and we are not inclined to disturb its finding on review. We find no error in the denial of defendant's motion to suppress his statements.

## IV.

Defendant's fourth contention is that the trial court erred in refusing to require the State to reveal the name of the person who supposedly gave information leading to defendant's arrest. Defendant argues that to allow the State to establish probable cause for the arrest on information provided by a supposed occurrence witness and then deny defendant the right to know the identity of that witness is a denial of due process of law. At the hearing on defendant's motion to suppress, the trial court refused to require the State to disclose the identity of the informant.

■■ Defendant's constitutional argument was answered in *McCray v. Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056, where the Supreme Court found that, in the setting of a hearing on a pretrial motion to suppress, the Illinois privilege against the disclosure of an informant

did not violate due process of law. An explanation of the privilege can be found in *People v. Downing* (1976), 37 Ill. App. 3d 297, 301, 347 N.E.2d 848, where the court stated:

> "In a motion to suppress, where the informant was not present at the time of arrest, did not participate in the crime and did not help to set up its commission, disclosure of the identity of the informant is not required. (*People v. Nettles* (1966), 34 Ill. 2d 52, 213 N.E.2d 536; *People v. Durr; People v. Mack* (1957), 12 Ill. 2d 151, 145 N.E.2d 609.)"

■■ When the privilege is invoked in a hearing on a motion to suppress as distinguished from trial, different considerations are relevant to determine its propriety. The State's right to protect its sources of information may give way to the individual's right to prepare his defense when, for instance, the informer is a material witness on the issue of defendant's guilt or innocence at trial. See *People v. Williams* (1967), 38 Ill. 2d 150, 230 N.E.2d 214, *cert. denied* (1968), 390 U.S. 983, 19 L. Ed. 2d 1284, 88 S. Ct. 1108.

■■ Defendant claims that the informant was an occurrence witness, whose testimony would support the defendant's theory that Watkins and Merriweather had become the aggressors. It is significant that defendant's only objection to nondisclosure came at the hearing on the motion to suppress. There was no allegation that the State was hiding a material witness. (See *People v. Connie* (1966), 34 Ill. 2d 353, 215 N.E.2d 280.) Furthermore, we find that the record indicates the informer's testimony regarding the gunshots at the car would not have been of significant value on the question of defendant's guilt. Also, any testimony that Merriweather and Watkins chased Martin and defendant would not alter our analysis of the occurrence. We conclude that no error has been demonstrated.

### V.

■■ Defendant's final contention is that his sentence of 35 to 50 years is excessive and should be reduced. Defendant argues that he was 17 at the time of the occurrence, had one prior conviction for assault for which he received 90 days in jail, and that he was found guilty under accountability principles. We are not persuaded that the sentence, which is within the proper bounds, is excessive. The criminal activity involved justified the sentence. We find no abuse of discretion and the sentence imposed by the trial court will not be disturbed. See *People v. Martin* (1977), 46 Ill. App. 3d 943, 361 N.E.2d 595.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

JOHNSON, P. J., and LINN, J., concur.